UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN RUSHING,

               Plaintiff,

-against-

KENT COUNTY SELF STORAGE,

               Defendant.

21-CV-9120 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is a resident of Grand Rapids, Michigan, brings this action *pro se*. By order dated November 10, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff has filed a one-page, unsigned complaint regarding events that took place in Michigan, where he resides.

A search of the Public Access to Court Electronic Records (PACER) database shows that by order dated July 31, 2007, the Honorable Robert Holmes Bell of the United States District Court for the Western District of Michigan determined that Plaintiff had filed 27 civil rights actions that contained allegations that were "indisputably meritless" in a single month under three different names.[1] Based on Plaintiff's litigation history, Judge Bell permanently enjoined

---

[1] With respect to his identity, the Western District of Michigan noted that, according to the Michigan Department of Corrections Offender Tracking Information System (OTIS), Plaintiff's name is Alexis Legree, and he has several known aliases, including Shaun Rushing

2

Plaintiff from filing any future actions IFP in that court. *Rushing v. Wyoming Police Dep't*, No. 07-CV-0711, Doc. 5 (W.D. Mich. July 31, 2007). PACER also shows that, by order dated March 18, 2021, Magistrate Judge Ray Kent of the United States District Court for the Western District of Michigan rejected three complaints that Plaintiff attempted to file in that court. *See In re RESTRICTED FILER Shaun Rushing*, No. 1:21-MC-2021, Doc. 40 (W.D. Mich. Mar. 18, 2020). By order dated March 29, 2021, Magistrate Judge Phillip J. Green rejected another complaint that Plaintiff attempted to file. *See id.*, Doc. 44. By order dated April 6, 2021, Magistrate Judge Phillip J. Green rejected another complaint that Plaintiff attempted to file in that court. *See id.*, Doc. 48. PACER also shows that, by orders dated April 13, 2021, April 14, 2021, and May 4, 2021, Magistrate Judge Sally J. Behrens rejected additional complaints that Plaintiff attempted to file in the Western District of Michigan.[2] *See id.*, Docs. 52, 54, 66.

On April 9, 2021, Plaintiff filed a complaint in this Court and, by order dated April 26, 2021, the Court dismissed that action as frivolous. *See Rushing v. U.S. District Court*, ECF 1:21-

---

and Bilbo Grant. *Rushing v. Wyoming Police Dep't*, No. 07-CV-0711 (RHB), Doc. 5, at 8 n.1 (W.D. Mich. July 31, 2007).

[2] Plaintiff has also filed at least ten actions in the United States District Court for the District of Columbia, most of which resemble the complaint in this action and were dismissed for failure to comply with minimal pleading standards or for lack of subject matter jurisdiction. *See Rushing v. State of Michigan*, No. 1:21-CV-1904 (D.D.C. Oct. 21, 2021) (dismissing one-page complaint for failure to comply with minimal pleading standards); *Rushing v. United States Congress*, No. 1:21-CV-2613 (D.D.C. Oct. 15, 2021) (same); *Rushing v. America*, No. 1:21-CV-1925 (D.D.C. Oct. 12, 2021) (same); *Rushing v. State of Michigan*, No. 1:21-CV-1905 (D.D.C. Oct. 12, 2021) (same); *Rushing v. State of Michigan*, No. 1:21-CV-1940 (D.D.C. Oct. 8, 2021) (same); *Rushing v. U.S. Dept. of Labor*, No. 1:21-CV-1941 (D.D.C. Oct. 8, 2021) (same); *Rushing v. Cnty. Of Kent*, No. 1:21-CV-1943 (D.D.C. Oct. 8, 2021) (same); *Rushing v. N.A.A.C.P.*, No. 1:21-CV-2026 (D.D.C. Aug. 17, 2021) (same); *Rushing v. City of Cape Giradeau*, No. 1:21-CV-2100 (D.D.C. Aug. 10, 2021) (dismissing one-page complaint for lack of subject matter jurisdiction); *Rushing v. State of Missouri*, No. 1:21-CV-2133 (D.D.C. Aug. 9, 2021) (dismissing one-page complaint as barred by the Eleventh Amendment).

CV-3200, 4 (S.D.N.Y. Apr. 26, 2021). On July 15, 2021, Plaintiff filed nine one-page complaints regarding events that took place in Michigan, and the Clerk of Court opened Plaintiff's complaints as one civil action under docket number 21-CV-6149. The Court dismissed the complaints without prejudice for improper venue, declined to transfer the cases to the United States District Court for the Western District of Michigan, and warned Plaintiff that further nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission pursuant to 28 U.S.C. § 1651. *See Rushing v. Meyers Groceries Stores, Inc.*, ECF 1:21-CV-6149, 5 (S.D.N.Y. Aug. 17, 2021).

On the same day that Plaintiff filed this action, he filed another similar action against another self-storage facility in Michigan. *See Rushing v. Extra Space Storage*, ECF 1:21-CV-9113, 1 (S.D.N.Y. filed Nov. 3, 2021). By order dated November 5, 2021, the Court dismissed the complaint for improper venue and, in light of Plaintiff's litigation history, directed him to show cause why he should not be barred from filing further actions in this court without first obtaining permission from the court to file his complaint.[3] ECF 1:21-CV-9113, 4.

## DISCUSSION

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

---

[3] On the same day, Plaintiff also filed a third complaint, in which he asserted claims of discrimination and false arrest. By order dated November 8, 2021, the Court determined that venue was improper and transferred the action to the United States District Court for the Western District of Michigan. *Rushing v. Western Michigan Univ.*, ECF 1:21-CV-9121, 3 (S.D.N.Y. Nov. 8, 2021).

>   substantial part of the events or omissions giving rise to the claim
>   occurred . . . ; or (3) if there is no district in which an action may otherwise be
>   brought as provided in this section, any judicial district in which any defendant is
>   subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events occurring exclusively in Michigan. Plaintiff does not allege that a substantial part of the events or omissions underlying his claims arose in this District or that any defendant resides in this District. Venue is therefore not proper in this Court under section 1391(b)(1) or (2).

In light of Plaintiff's litigation history and the similarity of his complaint in this case to the dismissed complaints in this Court and in the Western District of Michigan, the Court finds that it is not in the interest of justice to transfer this matter to the United States District Court for the Western District of Michigan. Instead, the Court dismisses this complaint without prejudice to litigation in a proper forum.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action without prejudice for improper venue. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court dismisses the complaint without prejudice for improper venue. *See* 28 U.S.C. § 1406(a).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 29, 2021
        New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                Chief United States District Judge